SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2052 PA (AGRx) | Date | April 14, 2009 |
|---|---|---|---|
| Title | Paul Hupp v. United States Dept. of Education, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS

      The Court is in receipt of a First Amended Complaint filed by plaintiff Paul Hupp ("Plaintiff"). Plaintiff, who is appearing pro se, filed the First Amended Complaint as a matter of right. This is the third action the Court is aware of in which Plaintiff has challenged the efforts of defendant Educational Credit Management Corporation's ("ECMC") efforts to collect on Plaintiff's student loan. As in his previous actions, Plaintiff also challenges the constitutionality of various provisions of the Higher Education Act concerning student loans. Unlike the previous actions filed by Plaintiff, Plaintiff seeks to prosecute this action as a class action.

      The First Amended Complaint contains a "Notice of Pending Actions" that states "[t]here are two (2) other civil actions between the plaintiff and Educational Credit Management Corporation currently pending at the 9th Circuit Court of Appeals that may relate to some of the issues presented here. Said cases have been assigned Case No.: 08-56403 and Case No.: 09-55286. The United States of America is a party to [C]ase No.: 08-56403." Those pending actions are appeals from an adversary proceeding in the Bankruptcy Court for the Southern District of California and this Court's dismissal of Plaintiff's Case No. CV 08-6925 PA (AGRx).

      The adversary proceeding in the Southern District involved Plaintiff's attempts to obtain a discharge of his student loans and to challenge the constitutionality of various provisions of the Higher Education Act. Following a court trial, the Bankruptcy Court denied Plaintiff's request for a discharge and rejected his constitutional claims. Currently pending in the Ninth Circuit is the United States District Court for the Southern District of California's decision affirming the Bankruptcy Court's judgment. After receiving an adverse ruling in the adversary proceeding in the Southern District, and while that ruling was on appeal, Plaintiff brought Case No. CV 08-6925 PA (AGRx) in this Court asserting several of the same claims that he asserted in the earlier action as well as other theories he could have been brought in the earlier action. The Court therefore dismissed that action on res judicata grounds. Plaintiff's appeal of the Court's ruling in Case No. CV 08-6925 PA (AGRx) is currently pending.

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2052 PA (AGRx) | Date | April 14, 2009 |
|---|---|---|---|
| Title | Paul Hupp v. United States Dept. of Education, et al. | | |

      Although Plaintiff now seeks to assert his claims as a class action and asserts some claims which he did not allege in the prior actions, the relief and many of the claims and theories at issue in the current action were also pursued in the earlier suits.  The Court's review of Plaintiff's First Amended Complaint therefore indicates that this action may be barred by the doctrine of res judicata.  See Tahoe-Sierra Preservation Council v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077-81 (9th Cir. 2003).  Nor is it appropriate for this Court to exercise jurisdiction over this action if it is duplicative of a previous action.  See Barapind v. Reno, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (holding that it is universally recognized that a "litigant has no right to maintain a second action duplicative of another") (citing The Haytian Republic, 154 U.S. 118, 124, 14 S. Ct. 992, 993, 38 L. Ed. 930 (1894)).  The Court therefore orders Plaintiff to show cause in writing why his case should not be dismissed based on res judicata.  Plaintiff's response, if any, shall be filed by May 1, 2009.  The failure to file a timely response to this order to show cause may result in the dismissal of this action.

      IT IS SO ORDERED.

                                                                                                                                                                :

Initials of Preparer