SEND
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2052 PA (AGRx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Paul Hupp v. United States Dept. of Education, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS

    Before the court is plaintiff Paul Hupp's ("Plaintiff") response to the Court's April 14, 2009 order to show cause why this action should not be dismissed based on the doctrine of res judicata. Plaintiff's First Amended Complaint in this action contains a "Notice of Pending Actions" that states "[t]here are two (2) other civil actions between the plaintiff and Educational Credit Management Corporation currently pending at the 9th Circuit Court of Appeals that may relate to some of the issues presented here.  Said cases have been assigned Case No.: 08-56403 and Case No.: 09-55286.  The United States of America is a party to [C]ase No.: 08-56403."  Those pending actions are appeals from an adversary proceeding in the Bankruptcy Court for the Southern District of California and this Court's dismissal of Plaintiff's Case No. CV 08-6925 PA (AGRx).

    This action is therefore the third action the Court is aware of in which Plaintiff has challenged the efforts of defendant Educational Credit Management Corporation's ("ECMC") efforts to collect on Plaintiff's student loan.  As in his previous actions, Plaintiff also challenges the constitutionality of various provisions of the Higher Education Act concerning student loans.  Unlike the previous actions filed by Plaintiff, Plaintiff seeks to prosecute this action as a class action.

    The adversary proceeding in the Southern District involved Plaintiff's attempts to obtain a discharge of his student loans and to challenge the constitutionality of various provisions of the Higher Education Act.  Following a court trial, the Bankruptcy Court denied Plaintiff's request for a discharge and rejected his constitutional claims.  Currently pending in the Ninth Circuit is Plaintiff's appeal of the United States District Court for the Southern District of California's decision affirming the Bankruptcy Court's judgment.  After receiving an adverse ruling in the adversary proceeding in the Southern District, and while that ruling was on appeal, Plaintiff brought Case No. CV 08-6925 PA (AGRx) in this Court asserting several of the same claims he asserted in the earlier action as well as other theories he could have been brought in the earlier action.  The Court therefore dismissed that action on res judicata grounds.  Plaintiff's appeal of the Court's ruling in Case No. CV 08-6925 PA (AGRx) is currently pending.

SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2052 PA (AGRx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Paul Hupp v. United States Dept. of Education, et al. | | |

      Although Plaintiff now seeks to assert his claims as a class action and asserts some claims which he did not allege in the prior actions, the relief and many of the claims and theories at issue in the current action were also pursued in the earlier suits.  In response to the Court's order to show cause, Plaintiff attempts to differentiate this action from his previous action.  None of those attempts, however, alters the Court's conclusion that Plaintiff is merely attempting to assert claims he could have brought earlier.  This action is therefore an inappropriate attempt to relitigate Plaintiff's claims.  "'Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'"  Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)).  Plaintiff's efforts to differentiate this action from the earlier proceeding are insufficient to avoid res judicata.  The amount of his student loan liability, and ECMC's efforts to collect it, were at issue in the earlier proceeding:

> The fact that res judicata depends on an "identity of claims" does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated.  Rather, "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts."  Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.

Id. at 1077-78 (citations omitted) (quoting Stratosphere Litig. L.L.C., 298 F.3d at 1143 n.3); see also id. at 1078 ("'Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits.  It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.'") (quoting United States ex rel. Barajas v. Northrop Corp., 147 F.3d 905 (9th Cir. 1998)).

      Plaintiff did, or could have, brought the claims he alleges in this action in the bankruptcy proceeding.  The Court therefore concludes that the doctrine of res judicata bars the claims Plaintiff has asserted in this action.  This action is dismissed with prejudice.  Educational Credit Management's Motion to Dismiss (Docket No. 16) is denied as moot.

      Plaintiff is ordered to show cause in writing why he should not be required to obtain the prior approval of a United States District Judge before he is permitted to commence any further actions against any of the defendants named in this action for claims identical or similar to those he has alleged in this action.  Plaintiff's response to this order to show cause shall be filed by May 22, 2009.

      IT IS SO ORDERED.